**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| POLICE BENEVOLENT ASSOCIATION, LOCAL 1910, ET AL., <br><br>                    Plaintiffs, <br><br> v. <br> GOVERNMENT OF THE VIRGIN ISLANDS, ET AL., <br><br>                    Defendants. | CASE NO. 2011-78 |
| ST. CROIX FEDERATION OF TEACHERS, LOCAL 1826, ET AL., <br><br>                    Plaintiffs, <br><br> v. <br> GOVERNMENT OF THE VIRGIN ISLANDS, ET AL., <br><br>                    Defendants. | CASE NO. 2011-79 |
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ET AL., <br><br>                    Plaintiffs, <br><br> v. <br> GOVERNMENT OF THE VIRGIN ISLANDS, ET AL., <br><br>                    Defendants. | CASE NO. 2011-76 |

*Lead case:  Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 2 of 12

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, LOCAL 1825, ET AL.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br>GOVERNMENT OF THE VIRGIN ISLANDS, ET AL.,<br><br>　　　　　　　Defendants. | CASE NO. 2011-77 |
| INTERNATIONAL ASSOCIATION OF FIREFIGHTERS LOCAL 2125, ET AL.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br>GOVERNMENT OF THE VIRGIN ISLANDS, ET AL.,<br><br>　　　　　　　Defendants. | CASE NO. 2011-81 |

**MEMORANDUM AND ORDER**

Before the Court is defendants' motion for a protective order to prevent the taking of the deposition of the Honorable John P. de Jongh, Jr., Governor of the Virgin Islands.  Defendants move for a protective order because certain plaintiff unions in these consolidated cases identified the Governor as a witness they seek to depose.

**I.  Relevant Facts**

On June 24, 2011, the Legislature of the Virgin Islands passed Act. No. 7261, the Virgin Islands Economic Stability Act of 2011

*Lead case:   Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 3 of 12

("VIESA"), which the Governor signed into law  on July 5, 2011.  As a result, plaintiffs filed these lawsuits against the Government of the Virgin Islands, the Governor, the Legislature of the Virgin Islands, and various other government officials and employees. Plaintiffs allege, among other things, that the legislation impairs existing collective bargaining agreements between the Government and its employees who are parties to those  agreements.

Plaintiffs claim a "right to inquire of the Governor" because

> the Governor was personally involved  in inducing and ultimately negotiating with the Legislature's majority members the terms and thereafter the enactment of the VIESA.  There were numerous discussions and representations made by the Governor personally, and through his staff, to the senate majority members regarding various financial measures that needed to be implemented short of requesting a sweeping eight percent (8%) salary reduction. . . . Also, the Governor has claimed on numerous occasions that the current suits surprised him because the VIESA salary decrease was discussed with authorized union representatives.[1]

---

[1] Letter from Nizar A. DeWood, Esq., plaintiffs' counsel in Civil No. 2011-78, to Robert A. Molloy, Esq., counsel for the defendants, dated August 17, 2011 (ECF #76-1).  See also letter dated August 19, 2011 to Attorney Molloy from Attorney Emile A. Henderson III, plaintiffs' counsel in Civil No. 2011-79 (ECF #76-2).  Although in light of the passage of Tropical Storm Irene and its related power outages plaintiffs were given additional time, they still did not respond to the motion by the extended deadline.  Nevertheless, the Court has reviewed the late response and finds it does not add significantly to the material in Attorney DeWood's letter.

*Lead case: Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 4 of 12

## II. The Law Regarding the Governor's Deposition

The Court must determine whether plaintiffs have established "extraordinary circumstances" such that the Court would permit the Governor to be deposed regarding his alleged discussions with union representatives and others, and whether the Governor's deposition regarding his alleged discussions with the senate majority members related to Act No. 7261 is barred by the doctrine of legislative immunity.[2]

### A. Good Cause/Extraordinary Circumstances

Federal Rule of Civil Procedure 26(c)(1) provides that for good cause a court may issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. When seeking a protective order to prevent the deposition of a high-ranking government official, the "good cause" analysis gives way to an "extraordinary circumstances" analysis derived from the principle enunciated in *United States v. Morgan.*[3]

---

[2] Absolute legislative immunity protects legislators and public officials from the consequences of litigation and from the burden of defending themselves for actions taken while acting in the sphere of legislative activity. Courts cannot inquire into their motives. *Gallas v. The Supreme Court of Pennsylvania*, 1998 U.S. Dist. LEXIS 9103, at * 10 (E.D. Pa June 15, 1998) (citations omitted).

[3] 313 U.S. 409, 422 (1941). In *Morgan*, the Secretary of Agriculture was called at trial to testify regarding an order he issued setting maximum rates to be charged by market agencies for their services at stockyards. The Supreme Court determined that the Secretary of Agriculture should not have been required to

*Lead case:  Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 5 of 12

The Court of Appeals for the Third Circuit has not yet ruled on the issue of discovery directed to high ranking government officials; however, district courts in the Third Circuit, relying on the principle enunciated in *United States v. Morgan,* as construed by various Circuit Courts of Appeal, have adopted the principle that "[a]bsent extraordinary circumstances, good cause exists to preclude the deposition of a high level government official because there is a public policy interest in ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion."[4]

---

testify because "it was not the function of the court to probe the mental processes of the Secretary." The Supreme Court further noted that judges are not subjected to such scrutiny, and likewise, "the integrity of the administrative process must be equally protected."

[4] *Buono v. City of Newark*, 2008 U.S. Dist. LEXIS 14137, at *4, (D.N.J. Feb. 26, 2008) (citations omitted). The court in *Buono* noted that this

> rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation. These interests require the requesting party to show that the deposition is likely to lead to the discovery of admissible evidence and thus, mere knowledge or awareness of information that may be helpful if discovered, and even an official's *pro forma* approval of a matter without showing deliberations about it, will not justify ordering a deposition of the official.

*Lead case: Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 6 of 12

In determining if extraordinary circumstances exist, courts must consider whether or not the party seeking the deposition has shown:

> (1) that the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that could not be reasonably obtained from other sources; (3) the testimony is essential to that party's case; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) that the evidence sought is not available through any alternative source or less burdensome means.[5]

Ordinarily, the burden to justify a protective order is on the moving party; however, the burden is on the party seeking to depose a high-ranking government official to demonstrate the existence of extraordinary circumstances.[6]

**B. Legislative Immunity**

The defendants also contend that the deliberative process privilege prevents plaintiffs from querying the Governor regarding his discussions with the senate majority members, because, they argue, "[t]he deliberative process privilege precludes discovery of

---

2008 U.S. Dist. LEXIS 14137, at *5 (internal quotations and citations omitted).

[5] 2008 U.S. Dist. LEXIS 14137, at *6-7 (citations omitted).

[6] *United States v. Sensient Colors, Inc.*, 2009 U.S. Dist. LEXIS 6964, at * 23 (D.N.J. Jan. 28, 2009)(citations omitted).

*Lead case: Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 7 of 12

'advisory opinion[s], recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated,'"[7] and because "plaintiff cannot seek to depose the Governor in order to question him about his deliberations or his reasons that led to the enactment of the VIESA," or his "reasons for signing a bill into law."[8]

While the deliberative process privilege might protect certain communications about which plaintiffs may seek to inquire,[9] what defendants describe as that sought to be protected is not communications covered by the deliberative process privilege, but rather those covered by legislative immunity. "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'"[10] "Legislative immunity shields from suit not only legislators, but also public officials outside of the legislative branch when they perform legislative

---

[7] Defendants' motion (ECF # 76) p. 6 (quoting *Department of Interior v. Klamath Water Users Protective Ass'n*, 532 U. S. 1, 8-9 (2001)).

[8] *Defendants' motion* at pp. 6 and 7.

[9] *Department of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8 (2001) (citing *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975)); see also *Stiftung v. Zeiss*, 40 F.R.D. 318 (D.D.C. 1996)).

[10] *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)(citations omitted).

functions."[11]  More importantly for purposes of the protective order motion, legislative immunity also encompasses discovery propounded upon legislators regarding matter in the legitimate sphere of legislative activity.[12]

In *Baraka v. McGreevey*, plaintiff brought suit against the governor of New Jersey, his appointed chair of the New Jersey State Council for the Arts, legislative officials and others alleging that the governor signed a repealer that eliminated his position as poet laureate of New Jersey, which was passed at the request of the governor and his appointee.  The Third Circuit upheld the district court's dismissal of claims against the governor and is appointee,

---

[11]  481 F.3d at 195-96 (citing Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998)(affording absolute legislative immunity to a mayor); *Supreme Court v. Consumers Union of United States,* 446 U.S. 719, 734, (1980) (same, to the Virginia Supreme Court and its members)*; Gallas v. Supreme Court,* 211 F.3d 760, 776-77 (3d Cir. 2000) (same, to the Pennsylvania Supreme Court and its members)*; Aitchison v. Raffiani,* 708 F.2d 96, 99 (3d Cir. 1983) (same, to members of a city council, a mayor, and a city attorney)).

[12]  See *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 254 (3d Cir. 1998)(advising that discovery that delved "into the motives for the Senators' votes, discussions among them, material each considered and the myriad other matters that enter into any legislator's vote would entail the paradigmatic impermissible questioning of the Senators in another place about their disposition of a matter [impeachment] we have already held lies within the sphere of their legislative activities"); *Municipal Revenue Services, Inc. V. Xspand*, 2007 U.S. Dist. LEXIS 33033 (M.D. Pa. May 4, 2007) (holding that documents and deposition testimony sought that fell within the sphere of legislative activity of a nonparty senator not permissible, but allowing deposition and production of documents in other areas).

*Lead case: Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 9 of 12

observing that "'[t]he gravamen of [Baraka's] complaint is that [defendants] 'orchestrated and directed' the New Jersey legislature to abolish the position of Poet Laureate.'"[13]  The *Baraka* Court concluded that "when a governor and a governor's appointee advocate bills to the legislature, they act in a legislative capacity,"[14] and although "neither . . . [the governor nor his appointee] were legislators, their actions as public officials in proposing and advocating the repealer are properly characterized as legislative[,]"[15] as was the governor's act of signing the bill into law.[16]  The Third Circuit further noted that "[t]hese actions were an integral part of the deliberative and communicative processes by which the repealer was enacted, and fall squarely within the sphere of legitimate, legislative activity."[17]

---

[13] 481 F.3d at 196 (quoting *Baraka v. McGreevey,* No. 04-1959, 2005 U.S. Dist. LEXIS 44873, *10 (D. N.J. March 22, 2005)).

[14] 481 F.3d at 196.

[15] *Id.* at 197.

[16] *Id.* (citing *Edwards v. United States,* 286 U.S. 482, 490 (1932)(noting "the legislative character of the President's function in approving or disapproving bills"); *Smiley v. Holm,* 285 U.S. 355, 372-73 (1932)(discussing a governor's actions in signing or vetoing a bill as part of the legislative process)).

[17] 481 F.3d at 196-97 (internal quotations and citations omitted).

*Lead case: Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 10 of 12

### III. Analysis

### A. Good Cause/Extraordinary Circumstances

Plaintiffs seek to depose the Governor regarding the nature of his discussions with the Legislature, authorized union representatives and others. Plaintiffs claim in conclusory fashion that the Governor has "unique" and "intimate" knowledge of certain unspecified facts, and then state they are interested in "facts, documents, and financial information."[18] They make no showing, however, that others within the administration or elsewhere could not provide any or all of the information they seek. For example, obviously the contents of any discussion that the Governor may have had with union representatives are also known to the unions. And, any "documents and financial information" most likely may be obtained by other discovery tools. Therefore, plaintiffs have not shown that the Governor is the only source for that information. Further, the plaintiffs have not established that the Governor has first-hand information that cannot be reasonably obtained from another source, or that the evidence sought is not available by less burdensome means.

Additionally, to establish extraordinary circumstances, plaintiffs must also demonstrate that the information sought from the Governor is essential to their cases. Plaintiffs have not

---

[18] Plaintiffs' response (ECF #93), at pp. 5-7.

*Lead case: Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 11 of 12

shown that the information sought from the Governor is essential to prove any element of their claims.

Finally, plaintiffs advise that the Governor's deposition is "likely to take one day, barring unusual events."[19] The Court notes that the rationale for protecting high-ranking government officials from this type of inquiry rests in part on the recognition that such officials have greater responsibilities and greater time constraints than other witnesses, and it is necessary to avoid disruption and diversion in performing their official tasks. Plaintiffs have not shown that taking the Governor's deposition – even if limited to one full day – will not disrupt him in the performance of his duties as Governor.

Accordingly, the Court finds that plaintiffs have not established extraordinary circumstances which would allow them to depose the Governor in this matter.

**B. Legislative Immunity**

Based on the Third Circuit's analysis in *Baraka*, the Governor's alleged act of "inducing and ultimately negotiating with the Legislature's majority members the terms and the enactment of the VIESA, and his alleged "discussions and representations . . . to the senate majority members regarding various financial measures

---

[19] Letter from Attorney DeWood to Attorney Molly dated August 17, 2011 (ECF #76-1).

*Lead case: Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 12 of 12

that needed to be implemented," fall within the sphere of legitimate legislative activities. As such, the Governor is accorded immunity from any type of inquiry about his discussions with members of the Legislature and his subsequent signing into law Act No. 7261. Therefore, no deposition inquiry may be had of the Governor regarding his involvement in the enactment of Act No. 7261.

### IV. Conclusion

For the foregoing reasons, the defendants' motion for protective order is GRANTED.

S_____
**RUTH MILLER**
UNITED STATES MAGISTRATE JUDGE