**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| POLICE BENEVOLENT ASSOCIATION, LOCAL 1910, ET AL.,<br>　　　　　　　　Plaintiffs,<br><br>v.<br>GOVERNMENT OF THE VIRGIN ISLANDS, ET AL.,<br><br>　　　　　　　　Defendants. | CASE NO. 2011-78 |
| ST. CROIX FEDERATION OF TEACHERS, LOCAL 1826, ET AL.,<br>　　　　　　　　Plaintiffs,<br><br>v.<br>GOVERNMENT OF THE VIRGIN ISLANDS, ET AL.,<br><br>　　　　　　　　Defendants. | CASE NO. 2011-79 |
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ET AL.,<br>　　　　　　　　Plaintiffs,<br><br>v.<br>GOVERNMENT OF THE VIRGIN ISLANDS, ET AL.,<br><br>　　　　　　　　Defendants. | CASE NO. 2011-76 |

Lead Case: *Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 2 of 8

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, LOCAL 1825, ET AL., <br><br> Plaintiffs, <br><br> v. <br> GOVERNMENT OF THE VIRGIN ISLANDS, ET AL., <br><br><br> Defendants. | CASE NO. 2011-77 |
| INTERNATIONAL ASSOCIATION OF FIREFIGHTERS LOCAL 2125, ET AL., <br><br> Plaintiffs, <br><br> v. <br> GOVERNMENT OF THE VIRGIN ISLANDS, ET AL., <br><br><br> Defendants. | CASE NO. 2011-81 |

**MEMORANDUM AND ORDER**

Before the Court is the Legislature of the Virgin Islands' motion for a protective order to prevent the taking of the depositions of Ronald E. Russell, Esq., Senate President, Senator Carlton "Ital" Dowe, and Jose George, the Legislative Post Auditor, witnesses certain union plaintiffs identified as potential deponents.

**I.   Relevant Facts**

On June 24, 2011, the Legislature of the Virgin Islands passed Act. No. 7261, the Virgin Islands Economic Stability Act of 2011

Lead Case: *Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 3 of 8

("VIESA"), which the Governor signed into law on July 5, 2011. As a result, plaintiffs filed the above-captioned lawsuits against the Government of the Virgin Islands, the Governor, the Legislature of the Virgin Islands, and various other government officials and employees. The unions allege, among other things, that the legislation impairs rights existing under collective bargaining agreements between the Government and employees who are parties to those agreements.

**II. Applicable Law**

The Legislature seeks a protective order[1] contending that legislative immunity prevents the taking of the depositions of Senators Russell and Dowe, as well as Post Auditor George. Absolute legislative immunity protects legislators and public officials from the consequences of litigation and from the burden of defending themselves for actions taken while acting in the sphere of legitimate legislative activity,[2] and courts cannot

---

[1] Federal Rule of Civil Procedure 26(c)(1) provides that for good cause a court may issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

[2] Legislative activities include, but are not limited to, "voting for a resolution, subpoenaing and seizing property and records for a committee hearing, preparing investigative reports, addressing a congressional committee, . . . [and] speaking before the legislative body in session." *Baraka v. McGreevey,* 841 F.3d 187, 196 (3d Cir. 2007 (quoting *Youngblood v. DeWeese,* 352 F.3d 836, 840 (3d Cir. 2004)). They also include activities that "directly affect drafting, introducing, debating, passing or rejecting legislation . . . ." *Baraka*, 841 F. 2d at 196. They

Lead Case: *Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 4 of 8

inquire into their motives.[3]  Significantly for purposes of the present motion, legislative immunity also encompasses discovery propounded upon legislators regarding matters within the legitimate sphere of legislative activity.[4]  "The Supreme Court has recognized that in all civil cases, the scope of the common law legislative immunity accorded state legislators is coterminous with that of the

---

also encompass materials introduced at hearings, the vote to publish a report, the distribution of a report for legislative purposes to members of Congress, congressional committees and "'institutional or individual legislative functionaries.'" *Lunderstadt v. Colafella*, 885 F.2d 66, 74 (3d Cir. 1989)(quoting *Doe v. McMillan*, 412 U.S. 306, 312 (1973)).

   [3] *Gallas v. The Supreme Court of Pennsylvania*, 1998 U.S. Dist. LEXIS 9103, at * 10 (E.D. Pa. June 15, 1998) (citations omitted).

   [4] *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 254 (3d Cir. 1998)(advising that discovery that delved "into the motives for the Senators' votes, discussions among them, material each considered and the myriad other matters that enter into any legislator's vote would entail the paradigmatic impermissible questioning of the Senators in another place about their disposition of a matter [impeachment] we have already held lies within the sphere of their legislative activities."); *Municipal Revenue Services, Inc. V. Xspand*, 2007 U.S. Dist. LEXIS 33033 (M.D. Pa. May 4, 2007) (holding that documents and deposition testimony sought that fell within the sphere of legislative activity of a nonparty senator not permissible, but allowing deposition and production of documents in other areas); *Municipal Revenue Services, Inc. v. Xspand, Inc.,* 2007 U.S. Dist. LEXIS 25115 (M.D. Pa. April 4, 2007)(holding that the production of documents and the deposition of a nonparty senator permissible when the documents and the subject matter of the inquiry did not fall within the sphere of legislative activities); see also *Gravel v. United States*, 408 U.S. 606, 615-16 (1972).

Lead Case: *Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 5 of 8

immunity provided by the Speech or Debate Clause."[5] In *Gravel v. United States*, the Supreme Court noted that with respect to activities within the legitimate legislative sphere, it "is incontrovertible" that "the Speech and Debate Clause at the very least protects [the Senator] . . . from criminal or civil liability and from questioning elsewhere than in the Senate. . . ."[6]

Legislative immunity also applies to legislative aides,[7] and officers and employees of a legislative body.[8] It is less absolute, however, "although applicable, when applied to officers or employees of a legislative body, rather than to legislators themselves."[9]

In *Larsen v. Senate of the Commonwealth,* the Third Circuit stated that "'whether an act is legislative turns of the nature of the act rather than the nature of the actor's office or his or her

---

[5] *Larsen*, 152 F.3d at 429 (citing *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 732-33 (1980)).

[6] *Gravel*, 408 U.S. at 615-16.

[7] *Gravel*, 408 U.S. at 618 (noting that the Speech and Debate Clause applies "not only to the Member but also to his aides insofar as the conduct of the latter would be a protected legislative act if performed by the Member himself").

[8] *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967).

[9] *Id.*

Lead Case: *Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 6 of 8

intent."[10]  "[T]o determine whether a particular immunity is appropriate, we must look to the interests behind it, remaining mindful that 'it is the interest in protecting the proper functioning of the office, rather than the interest in protecting its occupant, that is of primary importance.'"[11] The *Larsen* Court instructs that the court must inquire whether the activities are

> "an integral part of the deliberative and communicative process by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation *or with respect to other matters which the Constitution places within the jurisdiction of either House*."[12]

### III. Analysis

The Legislature does not identify any particular area of inquiry that it considers off-limits, but instead seeks blanket protection against all discovery directed to the named individuals and "any other Senator or legislative employee."[13]  In response, plaintiffs suggest they intend to inquire regarding "government financial information relied upon, revenue and expenditure

---

[10] 152 F.3d at 249 (quoting *Bogan v. Scott-Harris*, 118 S.Ct. 966, 973 (1998)).

[11] 152 F.3d at 249 (citations omitted).

[12] *Id.* at 250 (quoting *Gravel,* 408 U.S. at 625; emphasis added in *Larsen*).

[13] Defendant's memorandum (ECF # 71, Civil No. 11-cv-76), at p. 21.

Lead Case: *Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 7 of 8

projections, alternatives [sic] economic and fiscal policies presented by the Governor, etc."[14] To the extent the plaintiffs seek to depose the senators about matters related to their investigations, drafting, debating, research, or other matters related to the passage of VIESA -- which the above-quoted language certainly suggests they do -- then inquiry into these areas, and any request for production of documents related thereto, fall within the sphere of legitimate legislative activity about which discovery may not be had under the legislative immunity doctrine. As the plaintiffs have not identified any area of inquiry to the named senators that are not within the sphere of legitimate legislative activity, the protective order will be granted as to them.

    The Post Auditor stands in a different position, however, as he may be questioned about his duties and responsibilities as Post Auditor and about the usual practices and procedures of his office, without running afoul of any immunity he might have to suits or discovery. He may not be questioned, however, about his involvement or lack of involvement in the passage of Act No. 7261,

---

[14] Plaintiffs' response (ECF 94, Civil No. 11-cv-78); at p. 10. Plaintiffs were late in filing this response even after the court extended the original deadline. There appears to be a growing pattern of failing to meet deadlines that the parties must take care not to adhere to in the future. Deadlines are not suggestions, and parties run the risk of having evidence or arguments not considered when they fail to meet them.

Lead Case: *Police Ben. Ass'n, et al. v. GVI, et al.*
Civil No. 2011-78
Memorandum and Order
Page 8 of 8

as this area of inquiry falls with the protected sphere of legislative activity.[15] Likewise, other legislative employees may be subject to deposition, being mindful of the proscriptions discussed herein. A blanket protective order covering all legislative employees on all topics would be overbroad.

### IV. Conclusion

For the foregoing reasons, it is hereby ORDERED that the Legislature's motion for a protective order is GRANTED as to the depositions of Senators Russell and Dowe, and as to Mr George about matters within the sphere of legitimate legislative activities, and DENIED as to other employees, consistent with the principles discussed herein.

S\ _____
**RUTH MILLER**
UNITED STATES MAGISTRATE JUDGE

---

[15] In *Gravel*, the Supreme Court noted:

> It is said that though the Senator is immune from questioning as to what he said and did in preparation for the committee hearing and in conducting it, his aides may be questioned in his stead. Such easy circumvention of the *Speech or Debate Clause* would indeed make it a mockery. The aides and agents such as Beacon Press must be taken as surrogates for the Senator and the confidences of the job that they enjoy are his confidences that the *Speech or Debate Clause* embraces.

*Gravel*, 408 U.S. at 637.