```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

AMERICAN FEDERATION OF TEACHERS, )
LOCAL 1825, VIRGIN ISLANDS STATE )
NURSES ASSOCIATION-CBU, and      )
UNITED INDUSTRIAL, SERVICE,      )
PROFESSIONAL AND GOVERNMENT      )
WORKERS OF NORTH AMERICA,        )
SEAFARERS INTERNATIONAL UNION OF )
NORTH AMERICA,                   )        Civil No. 2011-77
                                 )
           Plaintiffs,           )
                                 )
           v.                    )
                                 )
GOVERNMENT OF THE VIRGIN         )
ISLANDS, JOHN P. DE JONGH, JR.,  )
                                 )
           Defendants.           )
                                 )
UNITED STEEL, PAPER & FORESTRY,  )
RUBBER, MANUFACTURING, ALLIED    )
INDUSTRIAL AND SERVICE WORKERS   )
INTERNATIONAL UNION AFL-CIO-CLC, )        Civil No. 2011-76
                                 )
           Plaintiff,            )
                                 )
           v.                    )
                                 )
GOVERNMENT OF THE UNITED STATES  )
VIRGIN ISLANDS, GOVERNOR JOHN P. )
DE JONGH, JR., FINANCE           )
COMMISSIONER ANGEL DAWSON,       )
DIRECTOR OF MANAGEMENT AND       )
BUDGET DEBRA GOTTLIEB,           )
                                 )
           Defendants.           )
                                 )
                                 )
POLICE BENEVOLENT ASSOCIATION    )
LOCAL 1910, ST. CROIX CHAPTER,   )
LAW ENFORCEMENT SUPERVISORS      )
UNION LOCAL 119, ST. CROIX       )
CHAPTER, ARTHUR A. JOSEPH, SR.,  )
as president of Police           )
Benevolent Association, St.      )
```

*United Steel v. Gov't of the U.S.V.I.*
Civil Nos. 2011-76, 2011-77, 2011-78, 2011-79
Bench Memorandum
Page 2

| | |
|---|---|
| **Croix Chapter, and FREDDY ORTIZ, JR., as president of Law Enforcement Supervisors Union, St. Croix Chapter** | **Civil No. 2011-78** |
| | Plaintiffs, |
| v. | |
| **GOVERNMENT OF THE VIRGIN ISLANDS, GOVERNOR JOHN P. DE JONGH, JR., in his official capacity as Governor of the Virgin Islands, VIRGIN ISLANDS POLICE DEPARTMENT, DEBRA GOTTLIEB, in her official capacity as Director of the Virgin Islands Office of Management and Budget, and LEGISTLATURE OF THE VIRGIN ISLANDS,** | |
| Defendants. | |
| **ST. CROIX FEDERATION OF TEACHERS, LOCAL 1926, and ROSA SOTO-THOMAS, in her official capacity as 1st Vice President of AFT Local 1826 and on behalf of all members of AFT Local 1826,** | |
| Plaintiffs, | **Civil No. 2011-79** |
| v. | |
| **GOVERNMENT OF THE VIRGIN ISLANDS, GOVERNOR JOHN P. DE JONGH, JR., in his official capacity as Governor of the U.S. Virgin Islands, ANGEL DAWSON, in his official capacity as Commissioner of Finance, VIRGIN ISLANDS DEPARTMENT OF EDUCATION, 29th LEGISLATURE OF THE VIRGIN ISLANDS, and DEBRA GOTTLIEB, in her official capacity as Director of the Virgin Islands Office of Management and Budget,** | |
| Defendants | |

**ORDER**

**GÓMEZ, J.**

On June 22, 2011, the Legislature of the Virgin Islands (the "Legislature") adopted Bill No. 29-0123, the Virgin Islands Economic Stability Act ("VIESA"). VIESA became law on July 5, 2011, by signature of the Governor of the Virgin Islands, John P. de Jongh, Jr. ("Governor de Jongh"), as Act No. 7261. VIESA provided, among other things, that all employees of the Executive and Legislative Branches of the Government of the Virgin Islands making more than $26,000 a year in salary would receive an eight percent reduction in pay.

Thereafter, the plaintiffs initiated this action. Plaintiff United Steel, Paper & Forestry, Rubber, Manufacturing, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW"), asserts six counts in its Complaint. Counts I, II, and III allege that VIESA violates the Impairment-of-Contracts Clauses in the federal Constitution and the Virgin Islands Revised Organic Act.[1] Count IV alleges that VIESA violates Title Forty-Two, Section 1983 of the United States Code by interfering with the right to engage in collective bargaining. Count V

---

[1] Count I asserts a claim arising under Title Forty-Two, Section 1983 of the United States Code against the individual defendants for violating the Impairment-of-Contracts Clauses. Count II asserts a claim against the Government of the Virgin Islands itself for violating the Impairment-of-Contracts Clauses. Count III seeks a declaratory judgment that VIESA violates the Impairment-of-Contracts Clauses.

alleges that VIESA violates the Equal Protection Clauses of the federal Constitution and the Virgin Islands Revised Organic Act. Count VI seeks injunctive relief barring the enforcement of VIESA. USW subsequently dismissed Counts IV and V pursuant to Federal Rule of Civil Procedure 41(a)(2).

Plaintiffs American Federation of Teachers, Local 1825 ("AFT Local 1825"); Virgin Islands State Nurses Association-CBU ("VISNA-CBU"); and United Industrial, Service and Professional and Government Workers of North America, Seafarers International Union of North America ("UIW-SIU") assert four counts in their Complaint. Count I alleges a violation of the Impairment-of-Contracts Clauses of the federal Constitution and the Virgin Islands Revised Organic Act. Count II alleges that VIESA constitutes a taking in violation of the Takings Clauses of the Fifth Amendment and of the Virgin Islands Revised Organic Act. Count III alleges that VIESA violates Title Twenty-Four, Sections 373(a) and 378(a)(8) of the Virgin Islands Code. Count IV alleges that the enactment of VIESA constitutes a breach of the duty of good faith and fair dealing.

Plaintiffs Police Benevolent Association Local 1910, St. Croix Chapter; Law Enforcement Supervisors Union Local 119, St. Croix Chapter; Arthur A. Joseph, Sr., President of Police Benevolent Association, St. Croix Chapter; and Freddy Ortiz,

Jr., President Of Law Enforcement Supervisors Union, St. Croix Chapter (collectively, "PBA and LESU"), assert three counts in their Complaint. Count I alleges a violation of the Impairment-of-Contracts Clauses of the federal Constitution and the Virgin Islands Revised Organic Act. Count II alleges that VIESA violates the Due Process Clauses of the Fourteenth Amendment and the Virgin Islands Revised Organic Act. Count III alleges that VIESA violates the separation-of-powers doctrine under Title Two, Sections Twenty and Twenty-One of the Virgin Islands Code.

Plaintiffs St. Croix Federation of Teachers, Local 1826, and Rosa Soto-Thomas, First Vice President of Local 1826 (collectively, "AFT Local 1826"), assert five counts in their Complaint. Count I alleges a violation of the Impairment-of-Contracts Clauses of the federal Constitution and the Virgin Islands Revised Organic Act. Count II alleges that VIESA violates the Due Process and Takings Clauses of the federal Constitution and the Virgin Islands Revised Organic Act. Count III alleges that the enactment of VIESA constitutes a breach of contract. Count IV alleges that VIESA violates the separation-of-powers doctrine under Title Two, Sections Twenty and Twenty-One of the Virgin Islands Code. Count V alleges that the enactment of VIESA constitutes a breach of the duty of good faith and fair dealing.

*United Steel v. Gov't of the U.S.V.I.*
Civil Nos. 2011-76, 2011-77, 2011-78, 2011-79
Bench Memorandum
Page 6

  Each group of plaintiffs initiated a separate case.  On July 27, 2011, the Court consolidated the cases as they presented similar questions of law. Thereafter, on December 5, 2011, the Court held a bench trial at which all parties were present. On March 29, 2012, the Court entered judgment against the plaintiffs and in favor of the defendants on Counts I, II, III, and VI of USW's Complaint; Counts I and II of AFT Local 1825, VISNA-CBU, and UIW-SIU's Complaint; Counts I and II of PBA's and LESU's Complaint; and Counts I and II of AFT Local 1826's Complaint.  That disposed of the federal claims put forth by all plaintiffs. The only claims remaining were state-law claims.

  On that same day, the Court requested the parties to submit briefs addressing whether it should exercise jurisdiction over the remaining Counts in the Complaints in light of the fact that there was no diversity of citizenship and all claims sounding in federal law had been dismissed. The parties did so.

  Before the Court could rule on the jurisdictional issue, USW appealed the March 29, 2012, Judgment. It is axiomatic that the filing of a notice of appeal divests the district court of jurisdiction until the appellate court issues a decision on the appeal. *See Griggs v. Provident Consumer Disc., Co.*, 459 U.S.

*United Steel v. Gov't of the U.S.V.I.*
Civil Nos. 2011-76, 2011-77, 2011-78, 2011-79
Bench Memorandum
Page 7

56, 58 (1982). The consolidated cases were put on the suspense docket pending resolution of the appeal.

As a threshold matter, the Third Circuit stated that it "may hear appeals only from final orders of the District Court." Jan. 16, 2013, Order, No. 12-2295 (3d Cir. 2013). The Third Circuit noted that the District Court had "ruled on all of Appellant's claims." *Id*. That said, the Third Circuit maintained that "[t]o the extent cases are consolidated for discovery and trial, an order concluding one consolidated case is not final or appealable when claims remain pending in the other consolidated case." *Id*. As there were still state law claims pending in the consolidated cases, the Third Circuit found that the order was not final. *Id*. The appeal was then dismissed for lack of jurisdiction. *Id.* Following the Third Circuit's order of dismissal, the consolidated cases were removed from the suspense docket.

Since this case began, there has been a change of circumstances. The law at issue, VIESA, is no longer in effect. *See* VIESA, Act No. 7261. VIESA stated in pertinent part that "Section 4 provides that the salaries of all Government employees in the executive and legislative branches shall be reduced by eight (8) percent . . . . The section will be in effect for two years from enactment." *Id.* VIESA was enacted on

*United Steel v. Gov't of the U.S.V.I.*
Civil Nos. 2011-76, 2011-77, 2011-78, 2011-79
Bench Memorandum
Page 8

July 5, 2011.  As such, it ceased to be in effect on July 5, 2013.

In order to be heard in a federal court, litigants must present the Court with a live "case" or "controversy." *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S. Ct. 461, 464, 81 L. Ed. 617 (1937).  Considering that the law at issue is no longer in effect, it is unclear that what remains is the sort of case or controversy that this Court is suited to hear.

The premises considered, it is hereby

**ORDERED** that not later than 3:00 PM on August 4, 2014, the parties shall submit briefs with references to the appropriate authorities addressing whether a case or controversy still exists upon which this Court may rule.

S\_____
**Curtis V. Gómez**
**District Judge**